IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BOTTOM LINE FOOD PROCESSORS, INC. d/b/a MICHAEL ANGELO'S GOURMET FOODS, INC. | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:12-CV-1163 |
| v. | § § | |
| MICHAELANGELO FOODS LLC, | § § | |
| Defendant. | § § § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff, Bottom Line Food Processors, Inc. d/b/a Michael Angelo's Gourmet Foods, Inc. ("MAGF"), files this its Original Complaint against Defendant, MichaelAngelo Foods LLC ("Defendant"), and would respectfully show the Court the following:

### Parties

1.      MAGF is a Delaware corporation with its principal place of business at 200 Michael Angelo Way, Austin, Texas 78728.

2.      MichaelAngelo Foods LLC  is a limited liability company organized and existing under the laws of the State of Illinois with a principal place of business at 4931 N. Lawndale Avenue, Chicago, Illinois 60625.  MichaelAngelo Foods LLC has listed its registered agent for service of process as Michaelangelo Alvarez, 4931 N. Lawndale Avenue, Chicago, Illinois 60625.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and

15 U.S.C. § 1121 because this case arises under the Trademark Act of 1946, *as amended*, 15

U.S.C. § 1051 *et seq.*

4.      This Court has jurisdiction over the unfair competition claim under the provisions

of 28 U.S.C. § 1338(b), because this claim is joined with substantial and related claims under the

trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

5.      This Court has supplemental jurisdiction over the claims which arise under the laws

of the State of Texas pursuant to 28 U.S.C. § 1367(a), as the claims are so related to the Federal

claims that they form part of the same case or controversy and derive from a common nucleus of

operative fact.

6.      Venue lies properly in this judicial district and division under the provisions of 28

U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this district and,

thus, is deemed to reside in this district and because the claims and causes of action arose

through acts Defendant committed in this district and division.

## Factual Allegations

7.      For many years and since long prior to the acts of Defendant which are the subject

of this Complaint, MAGF and its predecessors-in-interest have sold fresh frozen food products,

specifically Italian food products, throughout the United States.  The products are sold in

association with one or more of the trademarks "MICHAEL ANGELO'S®" (the "MICHAEL

ANGELO'S® Marks").  An example of packaging depicting the products sold under the

MICHAEL ANGELO'S® Marks is attached as Exhibit A.

8.      MAGF is the owner of Federal Trademark Registration No. 1,668,677 on the Principal Register for the trademark "MICHAEL ANGELO'S®" for use in association with "prepared frozen-food dinners consisting of a cheese-stuffed pasta" in Class 30.  A copy of the registration is attaches as Exhibit B.  The Mark has been used continuously since its date of first use, which was at least as early as March 1982.  The registration is valid and subsisting, uncancelled, and unrevoked.  The registration has become incontestable under 15 U.S.C. § 1065.

9.      MAGF is the owner of Federal Trademark Registration No. 1,673,054 on the Principal Register for the trademark "MICHAEL ANGELO'S®" use in association with "fresh frozen pasta, dry pasta and fruit flavored ices" in Class 30.  A copy of the registration is attached as Exhibit C.  The Mark has been used continuously since its date of first use, which was at least as early as April 10, 1991.  The registration is valid and subsisting, uncancelled and unrevoked.  The registration has become incontestable under 15 U.S.C. § 1065.

10.      MAGF is the owner of Federal Trademark Registration No. 2,692,831 on the Principal Register for the trademark "MICHAEL ANGELO'S®" for use in association with "pre-prepared and dehydrated sauces" in Class 30.  A copy of the registration is attached as Exhibit D.  The Mark has been used continuously since its date of first use, which was at least as early as October 2000.  The registration is valid and subsisting, uncancelled and unrevoked.  The registration has become incontestable under 15 U.S.C. § 1065.

11.      MAGF is the owner of Federal Trademark Registration No. 2,826,937 on the Principal Register for the trademark "MICHAEL ANGELO'S®" for use in association with "pre-prepared desserts, namely, dessert souffles, cakes, pastries, cannolis, and chocolate lasagnas" in Class 30.  A copy of the registration is attached as Exhibit E.  The Mark has been used continuously since its date of first use, which was at least as early as September 2001.  The

registration is valid and subsisting, uncancelled and unrevoked.  The registration has become incontestable under 15 U.S.C. § 1065.

12.     MAGF is the owner of Federal Trademark Registration No. 2,956,659 on the Principal Register for the trademark "MICHAEL ANGELO'S®" for use in association with "food products, namely, refrigerated pastas, pasta salads, pre-prepared pastas, pre-prepared refrigerated pastas, and salads consisting primarily of pasta" in Class 30.  A copy of the registration is attached as Exhibit F.  The Mark has been used continuously since its date of first use, which was at least as early as January 2003.  The registration is valid and subsisting, uncancelled and unrevoked.  The registration has become incontestable under 15 U.S.C. § 1065.

13.     Prior to the acts of Defendant complained of herein, MAGF has expended a substantial amount of money, energy, time and effort in continuously advertising and promoting the MICHAEL ANGELO'S® Marks in connection with its goods.  MAGF continues to advertise and promote its goods to the trade and the public.

14.     As a result of the care and skill exercised by MAGF in the conduct of its business, by extensive advertising and marketing and by consistent production and supply of high quality goods sold under the MICHAEL ANGELO'S® Marks, MAGF has acquired an excellent reputation and extensive customer goodwill.

15.     MAGF is now known in the marketplace as the exclusive source of goods bearing the MICHAEL ANGELO'S® Marks.  The MICHAEL ANGELO'S® Marks have acquired wide notoriety and symbolize the reputation and goodwill that MAGF now enjoys.  Consequently, the MICHAEL ANGELO'S® Marks constitute valuable assets of MAGF.  Growth and continuation of MAGF's business depends in part upon the unique and distinctive nature of the MICHAEL ANGELO'S® Marks and on the reputation and goodwill symbolized by them.

16.     Defendant is a direct competitor of MAGF in selling cooked and frozen Italian food products.  Defendant has adopted and used in commerce the mark "MICHAELANGELO'S" (the "Infringing Mark") in association with its goods and has used it continuously and systematically in this judicial district and throughout the United States.  An example of packaging depicting Defendant's goods offered and sold under the Infringing Mark is attached as Exhibit G.

17.     At no time has MAGF authorized or approved Defendant's sale, offer for sale, distribution, or advertising of goods or services under the Infringing Mark.

18.     MAGF has notified Defendant that its actions constitute trademark infringement and unfair competition.  Yet, Defendant has continued to sell its goods under the Infringing Mark.

<u>Count I</u>
<u>Federal Trademark Infringement</u>
**(15 U.S.C. § 1114(1))**

19.     MAGF repeats and realleges Paragraphs 1 through 18 as if fully set forth herein.

20.     Defendant has infringed MAGF's rights in the MICHAEL ANGELO'S® Marks, in violation of 15 U.S.C. § 1114(1)(a), by conducting various acts, in commerce, without the consent of MAGF including use of a reproduction, counterfeit, copy or colorable imitation of registered marks, namely the MICHAEL ANGELO'S® Marks, in connection with the sale, offering for sale, distribution and advertising of goods, namely frozen and cooked Italian meats and sauces, which are likely to cause confusion, or to cause mistake, and to deceive.

21.     Defendant has infringed MAGF's rights in the MICHAEL ANGELO'S® Marks, in violation of 15 U.S.C. § 1114(1)(b), by conducting various acts without the consent of MAGF, including reproducing, counterfeiting, copying and colorably imitating a registered mark, namely

the MICHAEL ANGELO'S® Marks, and applying such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements, intended to be used in commerce, upon or in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive.

22.     Defendant's acts of trademark infringement are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to MAGF and its property rights in the MICHAEL ANGELO'S® Marks, and to cause confusion, mistake and deception.

**Count II**
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**

23.     MAGF repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24.     For many years, and since long prior to the acts of the Defendant complained of herein, MAGF has continuously marketed and sold its goods under the MICHAEL ANGELO'S® Marks.

25.     Each of the MICHAEL ANGELO'S® Marks is inherently distinctive and represents goods which originate from a single source, namely MAGF.

26.     Alternatively, each of the MICHAEL ANGELO'S® Marks has acquired a secondary meaning in the marketplace, because MAGF has extensively advertised and sold uniformly high quality goods under the MICHAEL ANGELO'S® Marks for many years.  For this reason, the MICHAEL ANGELO'S® Marks are now recognized by the public and the trade as representing goods which originate from a single source, namely MAGF.

27.     Defendant's acts are in violation of 15 U.S.C. § 1125(a)(1)(A) because Defendant has used a word, term, name, symbol or device, in commerce, namely the Infringing Mark, on its

goods, which constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with MAGF, or as to the origin, sponsorship or approval of Defendant's goods and commercial activities by MAGF.

28.     Defendant's acts are in violation of 15 U.S.C. § 1125(a)(1)(B) because Defendant has used a word, term, name, symbol or device, in commerce, namely the Infringing Mark, on its goods, which constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact, which in commercial advertising and promotion misrepresents the nature, characteristics, and qualities of Defendant's goods and commercial activities.

29.     Defendant's acts of false designation of origin are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to MAGF and its property rights in the MICHAEL ANGELO'S® Marks, and to cause confusion, mistake and deception.

## Count III
## Injury to Business Reputation and Dilution
### (Tex. Bus. & Com. Code Ann. § 16.29)

30.     MAGF repeats and realleges Paragraphs 1 through 29 as if fully set forth herein.

31.     Beginning at least as early as 1981, MAGF and/or its predecessors-in-interest have adopted and used at least one of the MICHAEL ANGELO'S® Marks in association with its goods.  The MICHAEL ANGELO'S® Marks have been used by MAGF or those under its supervision and authority continuously since the respective dates of first use of each mark.

32.     The MICHAEL ANGELO'S® Marks are, each, inherently distinctive or have acquired distinctiveness.  Each of the MICHAEL ANGELO'S® Marks has been registered on the

Principal Register of the United States Patent and Trademark Office.  Each of the registrations is valid and subsisting.  Each of the registrations is incontestable.

33.     Defendant is using a trademark and advertising program in commerce that is likely to cause dilution of the distinctive quality of one or more of the MICHAEL ANGELO'S® Marks.  Specifically, the use of the Infringing Mark in association with Defendant's goods is likely to create confusion as to the source of origin of Defendant's goods.  Moreover, the distinctive quality of the MICHAEL ANGELO'S® Marks will be blurred and tarnished through the actions of Defendant.

34.     Defendant's violations of the Texas Trademark Act are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to MAGF and its property rights in the MICHAEL ANGELO'S® Marks, and to cause confusion, mistake and deception.

## Count IV
## Unfair Competition
### (Texas Common Law)

35.     MAGF repeats and realleges Paragraphs 1 through 34 as if fully set forth herein.

36.     The acts of Defendant constitute unfair competition and trademark infringement under the common law of the State of Texas.  MAGF and/or its predecessors-in-interest have adopted and used the MICHAEL ANGELO'S® Marks for use on and in connection with its goods since at least as early as 1981 and has used the trademarks continuously since their respective dates of first use.  The MICHAEL ANGELO'S® Marks identify MAGF as a sole source of goods offered by MAGF and distinguishes those goods from many others.

37.     As a result of the care and skill exercised by MAGF in the conduct of its business and particularly in the maintenance of high quality goods, by its extensive advertising, and by the

extensive and continuous marketing efforts throughout the industry over many years, the goods offered under the MICHAEL ANGELO'S® Marks have acquired a reputation for high quality. As a result of these efforts by MAGF, consumers and the industry recognize the MICHAEL ANGELO'S® Marks to identify MAGF exclusively as a source of high quality goods.  The MICHAEL ANGELO'S® Marks have acquired wide notoriety and symbolize the goodwill which MAGF has created by the sale of dependable and high quality goods.  Consequently, the MICHAEL ANGELO'S® Marks constitute a valuable asset of MAGF.

38.     Subsequent to the adoption and use of the MICHAEL ANGELO'S® Marks by MAGF, Defendant began infringing the MICHAEL ANGELO'S® Marks by advertising and selling competing and similar or identical goods under a trademark, namely the Infringing Mark, that is confusingly similar to and create the same commercial impression as one or more of the MICHAEL ANGELO'S® Marks.  Such conduct represents unfair competition and misappropriation and is designed to cause confusion and mistake and to deceive purchasers into believing that Defendant's goods are somehow sponsored by, made by or associated with MAGF.

39.     On information and belief, Defendant has attempted to and has passed off on the public Defendant's goods as those of MAGF.

40.     Defendant's acts of false designation of origin and misappropriation are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to MAGF and its property rights in the MICHAEL ANGELO'S® Marks, and to cause confusion, mistake and deception.

## **Allegations Of Damage**

41.     MAGF repeats and realleges Paragraphs 1 through 40 as if fully set forth herein.

42.     Because of Defendant's acts as alleged herein, MAGF has suffered and will continue to suffer damage to its business, reputation and goodwill and to endure a loss of sales and profits in an amount yet to be determined.

43.     Because of Defendant's acts as alleged herein, Defendant will be unjustly enriched by profits it has made through the sale of goods under the Infringing Mark.

44.     Defendant's acts of infringement, unfair competition, dilution and violations of Texas statutory and common law were and are willful and deliberate.

45.     Unless Defendant is enjoined from the acts complained of herein, MAGF will suffer irreparable harm, for which MAGF has no adequate remedy at law.

### Demand For Jury Trial

46.     Pursuant to Federal Rule of Civil Procedure 38(b), MAGF demands a jury trial.

### Prayer

WHEREFORE, MAGF respectfully requests:

47.     That Defendant, its officers, agents, servants, employees, attorneys, confederates and all persons in active concert or participation with any of them, be enjoined, immediately and preliminarily during the pendency of this action, and thereafter perpetually from:

A.      Using the MICHAEL ANGELO'S® Marks, or any reproduction, counterfeit, copy or colorable imitation of any of them, including but not limited to the Infringing Mark,  in connection with the advertising, selling or offering for sale, goods that are the same or similar to those offered by MAGF;

B.      Using the MICHAEL ANGELO'S® Marks, or any reproduction, counterfeit, copy or colorable imitation of them, including but not limited to the Infringing Mark, in any manner likely to cause confusion, to cause mistake or to deceive;

C.      Selling or passing off, inducing, or enabling others to sell or pass off any goods or services similar to, associated, or connected with those offered by MAGF;

D.      Committing any acts, including, but not limited to marketing and advertising of any goods or services, which are likely to cause injury to MAGF's business reputation and/or blur or tarnish the distinctiveness of any of the MICHAEL ANGELO'S® Marks;

E.      Committing any acts, including, but not limited to marketing and advertising, which are calculated to cause purchasers to believe that the goods of Defendant are those of MAGF, in whole or in part, unless they are entirely such;

F.      Otherwise competing unfairly with MAGF in any manner, including, but not limited to, use of the Infringing Mark;

G.      Deleting, destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all electronic files, web pages, business records, invoices, correspondence, books of account, receipts and other documentation relating or referring in any manner to providing, advertising, sale and offer for sale of any goods or services bearing the MICHAEL ANGELO'S® Marks or any other trademark which is confusingly similar to the MICHAEL ANGELO'S® Marks, including but not limited to the Infringing Mark;

48.     That, after final hearing, Defendant be required to deliver up for destruction or, alternatively, to obliterate all infringing marks on its entire inventory of infringing items, including but not limited to frozen, bottled, or canned products, electronic files, webpages, signs, labels, packaging, advertisements, video and audio recordings, catalogs, molds, matrices and all electronic advertising of any kind and any other material in its possession bearing the MICHAEL

ANGELO'S® Marks or any other trademark which is confusingly similar to the MICHAEL

ANGELO'S® Marks, including but not limited to the Infringing Mark;

     49.    That for the next five (5) years, upon ten (10) days notice, MAGF be permitted to

inspect and audit Defendant's inventory, electronic files, and all business records to determine

compliance with the Order issued by the Court;

     50.    That Defendant be ordered to account and pay over to MAGF all damages

sustained by MAGF and profits realized by Defendant by reason of Defendant's unlawful acts as

alleged herein, and that such profits be trebled as provided by law because of the willfulness of

Defendant's acts;

     51.    That MAGF be awarded prejudgment and post-judgment interest;

     52.    That MAGF be awarded its costs and reasonable attorney's fees; and

     53.    That MAGF have such other and further relief as the Court deems just and proper.

Dated:  December 20, 2012.                    Respectfully submitted,


                                              s/George R. Schultz
                                              George R. Schultz
                                              Texas State Bar No. 17837500
                                              russ.schultz@grspc.com
                                              Nicole R. Marsh
                                              Texas State Bar No. 24044653
                                              nicole.marsh@grspc.com

                                              SCHULTZ & ASSOCIATES, P.C.
                                              5400 LBJ Freeway
                                              Suite 1200
                                              Dallas, Texas 75240
                                              (214) 210-5940 telephone
                                              (214) 210-5941 facsimile

                                              ATTORNEYS FOR PLAINTIFF
                                              BOTTOM LINE FOOD PROCESSORS,
                                              INC.